JACKSONVILLE, TAMPA & KEY WEST RAILWAY
COMPANY, PETITIONER, VS. ANTONE BOY, RESPOND-
ENT.

1. The Supreme Court has power to review and quash, on the com-
mon law writ of *certiorari*, the proceedings of inferior tribunals
when they proceed in a cause without jurisdiction, or when
their procedure is essentially irregular and not according to
the essential requirements of law and no appeal or direct
method of reviewing the proceedings exists.

2. The writ of *certiorari* to review the proceedings of an inferior
court does not issue as a matter of right, but rests in the
sound discretion of the court; and, when issued, will not
serve the purpose of a writ of error, or appeal with a bill of
exceptions.

3. The office of the common law writ of *certiorari*, when issued to
review the proceedings of an inferior court, is to bring up for
inspection the entire record of the proceedings of such court,
in order that the superior court may determine therefrom
whether the inferior court acted within its jurisdictional
powers, or whether its procedure was essentially regular and
in accordance with the requirements of law.

4. The judgment of a court must appear upon its record; and with-
out the proper record evidence of the entry of a judgment
appealed from, the appellate court can not either affirm or
reverse what has been done in the lower court. To proceed
on an appeal transcript to affirm a judgment of which there
was no record evidence before the court, would be an essential
irregularity, and not according to the requirements of law.

5. B, sued a railroad company in the court of a county judge and
obtained a verdict for one hundred dollars, value of cow killed,
with interest and attorney fees, amounting to eighty dollars
and thirty cents; motion for new trial was overruled and an
appeal entered by the company to the Circuit Court, and there
was certified to that court a transcript of the record of the pro-
ceedings before the county judge with a bill of exceptions,
but the record did not show any entry of judgment on the
verdict; the Circuit Court in April, 1890, entered a judgment
on the appeal affirming the judgment of the county judge:

*Held,* on writ of *certiorari* to the Circuit Court, that the judgment entered by it was essentially irregular and not in accordance with the requirements of law, and should be quashed.

Certiorari.

The facts in the case are stated in the opinion of the court.

*J. R. Parrott* and *T. M. Day, Jr.,* for Petitioner.

*Geo. P. Fowler,* for Respondent.

MABRY, J.:

On the petition of the Jacksonville, Tampa & Key West Railway Company, filed in this court in May, 1890, a writ of certiorari was issued to the Circuit Court for the Fifth Judicial Circuit for Putman county, commanding the clerk of that court to transmit to this court a true copy of the record in the case wherein the said company was appellant, and Antone Boy was appellee, and in which judgment was rendered affirming the judgment of the court of the county judge of the said county of Putnam. From the record filed as a return to the writ by the clerk of the Circuit Court it is made to appear that a suit was instituted by the respondent Boy before the county judge of Putnam county against the Jacksonville, Tampa & Key West Railway Company to recover one hundred dollars, the value of a cow of respondent alleged to have been negligently killed by the company.

The declaration filed in the case alleged the value of the cow to be one hundred dollars, and that plaintiff's claim for recovery arose under Chapter 3742, laws of 1887. A trial of the case in the court of the county

judge resulted in a verdict by a jury in favor of plain-
tiff (respondent here) for one hundred dollars, for the
value of the cow killed, with interest from the date of
the presentation of the claim for payment at the rate
of twenty per cent. per annum, and seventy dollars
attorney fees.  A motion for a new trial was made and
overruled, and after the expiration of the term of
court at which the verdict was rendered an appeal was
entered by the company, as it is recited, from the
judgment therein rendered to the Circuit Court, and in
pursuance of an order for that purpose a bill of ex-
ceptions was signed by the county judge, and a tran-
script of the record in the cause was certified to the
Circuit Court.   The following judgment was rendered
April 4th, 1890, by the Circuit Court on the appeal,
*viz:*  ''This cause came on to be heard upon the record
in appeal of Jacksonville, Tampa & Key West Rail-
way Company, from the judgment rendered in the
court of the county judge for Putnam county, and
was argued by counsel for the respective parties, and
the court having considered the same and being ad-
vised in the premises, it is ordered and adjudged that
the judgment of the court below be and the same is
hereby affirmed.   It is further ordered that the clerk
of this court do certify the same to the judge presiding
in the court below.''   No county court having been
established for Putnam county, the county judge of
that county had original jurisdiction in all cases at law
in which the demand or value of the property involved
did not exceed one hundred dollars, and the Circuit
Court had final appellate jurisdiction in all civil and
criminal cases arising before the county judge.  (Secs.
11, 17, Art. V Constitution of 1885).  The declaration
in the case before the county judge claimed one hun-
dred dollars damages under Chapter 3742, laws of 1887,

and the verdict rendered was for that sum as the value of the cow killed, twenty *per cent.* interest *per annum* for a period of time sufficient to increase the amount to over one hundred dollars, and also seventy dollars attorney fees.

It is contended for petitioner that the county judge proceeded illegally in allowing attorney fees, and also exceeded his jurisdiction in entering judgment for more than one hundred dollars; and further that the action of the Circuit Court in affirming the judgment of the county judge was illegal and beyond its jurisdictional powers. Our decision under the present writ must affect the proceedings before the Circuit Court, as the writ was directed to that court, and not to the county judge. But as the proceedings in the Circuit Court were on appeal from proceedings before the county judge, the transcript of the record of such proceedings filed in the Circuit Court must be examined in order to determine the legality of the action of the latter court therein. The power of this court to review and quash, on the common law writ of certiorari, the proceedings of an inferior tribunal when it proceeds in a cause without jurisdiction, or when its procedure is illegal, or is unknown to the law, or is essentially irregular, is, we think, clear; but while such power does exist, it must be remembered that its exercise is not a matter of right, but rests in the sound legal discretion of the court, and when the writ is granted it will not serve the purpose of a writ of error or appeal with a bill of exceptions. Basnett vs. City of Jacksonville, 18 Fla., 523; Edgerton vs. Green Cove Springs, Ibid, 528. Whenever an appeal lies from the proceedings sought to be reviewed the general rule is to deny the writ of certiorari. The doctrine is generally stated that the functions of the writ of certiorari

at common law when addressed to inferior tribunals are only to bring up for review, on the record, questions of jurisdiction, power and authority of such tribunals, and that the appellate court is confined to the questions whether the inferior court had jurisdiction and acted within its limits. It was said in Edgerton vs. Green Cove Springs: "We had occasion in the case of Basnett vs. City of Jacksonville, decided at this term, to state our views in reference to a common law certiorari. We there held that such a certiorari does not serve the purpose of a writ of error or appeal with a bill of exceptions as known to our practice, and that if the Circuit Court had jurisdiction, and there is no irregularity or illegality in the procedure, the record of which is brought to this court, the certiorari must be quashed." In McAllilley vs. Horton, 75 Ala., 491, it was decided that the functions of the common law writ of certiorari extend alike to questions touching the jurisdiction of the subordinate tribunal and the regularity of its proceedings, and by it errors of law apparent on the face of the record may be corrected, but in the absence of statutory authority, conclusions of fact can not be reviewed. *Vide* also Town of Camden vs. Bloch, 65 Ala., 236. The office of the common law certiorari, as declared by the Illinois court, is to have the entire record of the inferior court brought up for inspection in order that the superior court may determine therefrom whether the inferior court had jurisdiction, or had exceeded its jurisdiction, or had failed to proceed according to the essential requirements of the law, where no appeal or other direct means of reviewing the proceeding is given. Donahue vs. County of Will, 100 Ill., 94; Hyslop vs. Finch, 99 Ill., 171. See also Wedel vs. Green, 70 Mich., 642. A distinction is made by some

courts between cases where the writ goes to inferior courts of record, and cases when it goes to officers or boards exercising only *quasi* judicial powers in proceedings of a summary character out of the course of the common law. In the first class of cases it is held the record only can be examined to ascertain whether such courts have acted within the scope of their jurisdictional powers, while in the second the record will be examined not only to see whether such officers or boards have kept within their jurisdictional powers, but whether or not they have acted strictly according to law, and errors and irregularities committed by them will be corrected. Milwaukee Iron Co. vs. Schubel, 29 Wis., 444; State *ex rel.* Moreland vs. Whitford, 54 Wis., 150; Cunningham vs. Squires, 2 W. Va., 422. In the case before us the writ was directed to the Cir cuit Court commanding the production here of a copy of the record of the cause filed in the Circuit Court on appeal from the court of the county judge, and we have such copy before us. The transcript of the record of the cause filed in the Circuit Court, and on which the judgment of the Circuit Court now complained of was rendered, does not show any entry of final judgment on the verdict of the jury before the county judge. The record shows the filing of a *præcipe* and declaration, the issuing of the summons, a trial of the case and the return of a verdict by a jury in favor of the plaintiff therein for one hundred dollars for the value of the cow killed, with interest from date of presentation of the claim at the rate of twenty *per cent. per annum*, and seventy dollars for plaintiff's attorney fees, but there is no record evidence that the county judge ever entered up any judgment upon this verdict. It is true that the bill of exceptions signed by the county judge and made, in pursuance of an

order for that purpose, after the expiration of the term of court when the verdict was returned by the jury, recites that the said judge rendered judgment in favor of the plaintiff, and against defendant, on the day of trial, for one hundred and eighty dollars and thirty cents, damages and costs of suit, but the judgment of the court must appear upon its record, and it is not the office of a bill of exceptions to furnish evidence that such judgment was entered. Lovett vs. State, 29 Fla., 356, 11 South. Rep., 172; Brown vs. State, 29 Fla., 543, 10 South. Rep.; 736. The Circuit Court should have dismissed the proceedings on appeal because. the record proper did not show the entry of any final judgment in the court of the county judge, as without such judgment the Circuit Court could not exercise its appellate authority, to either affirm or reverse what had been done in the lower court. Gates vs. Hayner, 22 Fla., 325; Tunno vs. International Ry. & S. S. Co., decided at the present term of this court. The attention of the Circuit Court was probably not called to the failure of the record to show any final judgment from which an appeal could have been entered, but such was the fact, and the action of the court in attempting to affirm a judgment of which there was no record evidence, was, to say the least of it, irregular and not according to the rules of law prescribed for proceedings on appeal. Can such irregularity be reached on the common law writ of certiorari? Such writ does not perform the office of a writ of error or appeal with a bill of exceptions, and, as stated by this court in the case referred to, if the court had jurisdiction and there is no irregularity or illegality in the procedure, the certiorari must be quashed. The action of the court in the present case was, we think, essentially irregular, and there are no appellate proceedings

for the correction of such an irregularity. Our view is that the decision of the Circuit Court on the record before it was not according to the forms of law and the rules prescribed for rendering it, and should not remain to confuse and entangle the record in the cause, as it evidently will.

The presentation of the case here has relation to the authority of the county judge to allow attorney fees under the statute, and his jurisdictional power to render a judgment for more than one hundred dollars, and also the power and authority of the Circuit Judge to affirm on appeal such a judgment. The failure to find in the record the judgment complained of makes it unnecessary for us to say anything in reference to the power and jurisdiction of the county judge in the premises. The declaration filed in the case before him claimed one hundred dollars damages, and until a final judgment was rendered there was nothing for the Circuit Court to review on appeal. In the absence of such judgment it is unnecessary to determine the power of the Circuit Court to affirm or reverse it on appeal. Without a final judgment in the court of the county judge, we are at a loss to understand how there can be any regular or legal affirmance in the appellate Circuit Court of a judgment not shown to exist, and as we find such a condition in the record, we must deal with it as we find it. The judgment of affirmance in the record before the Circuit Court was such an essential irregularity and departure from prescribed rules of procedure in such cases as to require that it be quashed, and a judgment will therefore be entered accordingly.