THE LOUISVILLE & NASHVILLE RAILROAD COMPANY, A CORPORATION, APPELLANT, VS. GIP GIBSON AND GEORGE EGBERT, APPELLEES.

1. A general demurrer to an entire bill for want of equity should be overruled where the case made by the bill entitles complainant to *any* substantial relief in a court of equity.

2. Under section 1469 of the Revised Statutes a bill in equity can be maintained by a party claiming to own timbered lands, to enjoin the commission of trespasses thereon by the cutting of trees and removal of logs therefrom.

3. The title or interest of the complainant ought to be stated with clearness and certainty in a bill for injunction.

4.    Where a bill is filed by a party claiming to own timbered lands, to restrain the commission of future trespasses thereon, and it is also sought to restrain the removal of logs already cut and lying upon such lands, in order ·to entitle the complainant to an injunction restraining the removal of such logs, it ought to be alleged that the complainant was the owner of the lands from which the same were severed at the time of their severance, or shown that he has such an interest in the logs at the time of filing the bill as to entitle him to an injunction restraining their removal.

Appeal from the Circuit Court for Calhoun County.

### Statement.

On January 23rd, 1895, the appellant filed a bill in the Circuit Court of Calhoun county against the appellees, alleging that 'it was then the owner in fee and in possession of certain lands 'in Calhoun county therein described. The bill further alleged that in the Fall and Winter of 1894 appellees, without authority, entered upon said lands and committed 'trespasses thereon by the cutting of trees and the removal of logs therefrom. Upon information and belief it was alleged that appellees had at that time cut and lying upon said lands five hundred cypress saw logs, more or less, of the value of $1,000. It was also alleged that the said logs were lying conveniently to the Chipola River, a navigable stream emptying 'into the Apalachicola River, and thus connected with Apalachicola Bay and a steady timber market at Apalachicola, and that defendants declared their intention to cause said logs to be run into the Chipola River and from thence to or near the city of Apalachicola to market without authority, and without in anywise accounting to appellant for the proceeds thereof. The bill then proceeded to allege that by reason of the said trespasses appellant had been

damaged in a large sum already; that the lands were mostly valuable for their timber, and should the trespasses continue they would be devastated and rendered almost valueless; that defendants were regularly engaged in getting out timber from "said swamps," having camps, teams and men employed therein, and that complainant had good reason to believe that unless restrained by the court they would continue their trespasses in the future until the land was practically devastated of its marketable timber.

An injunction was prayed for, restraining the defendants from further tresspassing upon the lands, and from removing or attempting to remove or cut the timber thereon, and from removing, disposing of, or interfering with the timber already cut and lying upon the lands. It was also prayed that an account be taken of the damages sustained by complainant, and that defendants be decreed to pay the amount ascertained to be due upon such accounting; and further, that a receiver be appointed to take charge of and hold the logs and timber already cut and lying on said lands, and to dispose of the same as the court might direct. The bill was sworn to on behalf of complainant, and thereupon application was made for a temporary injunction and the appointment of a receiver, which application was resisted on the part of appellees and denied by the court.

Thereafter the defendants filed a general demurrer to the entire bill for want of equity, and the court on the hearing thereof sustained the demurrer and dismissed the bill.

Two assignments of error are insisted upon, (first) that the court erred in refusing the temporary injunction,

and (second) that the court erred in sustaining the demurrer to the bill.

The other facts are stated in the opinion of the court.

*John H. Carter,* for Appellant.

*W. B. Shepard,* for Appellee.

Glen, C.

The bill of complaint in this case, so far as it sought to enjoin the commission of future trespasses upon the lands therein described, stated a case within the provisions of section 1469 of the Revised Statutes, and to that extent entitled appellant to a temporary injunction at the hearing of its application therefor. Appellant, however, was not entitled upon the case made by its bill to any further relief. The bill did not allege that appellant was the owner of the lands at the time appellees were alleged to have cut the five hundred cypress logs, more or less, therein alleged to be cut and lying upon the lands, nor that appellant was the owner of the logs so cut. Appellant, therefore, was not clearly shown to have any interest in the logs cut, entitling it to enjoin their removal. Sullivan vs. Moreno, 19 Fla. 200. The demurrer filed to the bill, and sustained by the court, was a general demurrer for want of equity, and extended to the entire bill. For that reason it ought not to have been sustained by the court, as the bill was not entirely wanting in equity. The right to relief rested wholly upon the statute, and under the decision in Wiggins v. Williams, 36 Fla. 637, 18 South. Rep. 859, the bill could not be maintained in so far as it sought an ascertainment of damages sustained by appellant on

account of the alleged prior trespasses, and a decree for the payment thereof, even if its allegations had been sufficient to show that appellant was the owner of the lands at the time the alleged trespasses were committed, but that was not ground for sustaining a general demurrer to the entire bill. Durham v. Stephenson, 41 Fla. 112, 25 South. Rep. 284.

The decree refusing a temporary injunction, to the extent indicated, and the decree sustaining the demurrer and dismissing the bill should be reversed, and further proceedings had in accordance with this opinion.

HOCKER, C., AND MAXWELL, C., concurred.

PER CURIAM.

The foregoing opinion has been examined by the court and is hereby approved and adopted and ordered to be filed as the opinion of the court in said cause.