Mattair v. Furchgott—Syllabus.

S. L. MATTAIR AND J. B. MATTAIR, HER HUSBAND, APPELLANTS, VS. LEOPOLD FURCHGOTT, TRADING UNDER THE FIRM NAME AND STYLE OF KOHN, FURCHGOTT & CO., APPELLEE.

1. An appeal entered from two interlocutory decrees in a chancery cause, one of which was entered more than six months prior to the entry of the appeal, will entitle the party appealing to have reviewed the propriety of the decree entered within six months of the entry of appeal,

Mattair v. Furchgott.—Opinion of Court.

but not the one entered more than six months prior to such entry of appeal.

2| Decrees appealed from must appear in the transcript of the record to authorize their review by an appellate court. If they do not so appear the court can not review them, even though the abstracts of the record filed by appellant states that such decrees were duly made and entered.

3. Where, upon an appeal from two interlocutory decrees, it appears that one of them was entered more than six months prior to the entry of appeal, and the other is not brought up in the transcript of the record filed upon such appeal, the appeal will be dismissed.

Appeal from the Circuit Court for Alachua county.

The facts in the case are stated in the opinion of the court.

*Evans Haile,* for Appellants.

*Hampton & Ammons,* for Appellee.

PER CURIAM.

This cause was referred by the court to two of its commissioners, Messrs. Maxwell and Glen for investigation, who report the cause for disposition as hereinafter stated.

The appeal was entered October 1st, 1896, and purports to have been taken from two interlocutory decrees, one overruling appellants demurrer to the bill of complaint, on thirtieth January, 1896, the other granting a decree *pro confesso* against appellants April 4, 1896.

The two assignments of error complain that the court erred in entering the two interlocutory decrees mentioned. As the appeal is not from a final decree and was not en-

tered within six months after the entry of the interlocutory order of January 30, 1896, overruling the demurrer, the propriety of such order can not be considered on this appeal. Jacksonville, M. & P. Ry. & Nav. Co. v. Broughton, 38 Fla. 139, 20 South. Rep. 829; Ray v. Frank, decided at this term.

The abstract filed March 13, 1897, not excepted to, shows that the court granted an order dated April 4, 1896, that the bill be taken as confessed against appellants for failure to plead, but upon inspection of the transcript of the record, we fail to find that any such order was ever made by the court. This court has no jurisdiction to review an order appealed from unless that order be exhibited to it in the transcript. Jacksonville, T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 South. Rep. 290. As we must be governed by the transcript and not by the abstract in determining our jurisdiction, and the transcript fails to embrace the order complained of by this the second assignment of error, and the first assignment can not be considered for reasons stated, the appeal must be dismissed. Accordingly the appeal is dismissed at the cost of appellants.