44　681
44　622
45　590
47　260

C. K. RAY, HUGH C. RAY, A. P. McCOMB AND R. F. TILLIS AS ASSIGNEE OF C. K. RAY, APPELLANTS, VS. ISAAC M. FRANK AND FERDINAND A. WEIL, PARTNERS UNDER THE FIRM NAME OF FRANK & CO., APPELLEES.

1. An appeal entered from two interlocutory decrees in a chancery cause, one of which was entered more than six months prior to the entry of the appeal, will entitle the party appealing to have reviewed the propriety of the decree entered within six months of the entry of the appeal, but not the one entered more than six months prior to such entry. of appeal.

2. Where in a chancery cause upon the overruling of a demurrer to the bill the court grants time within which the demurrant shall answer, and no answer is filed in pursuance of such leave, but no decree pro confesso is entered, and application is thereafter made to the court for a decree pro confesso, the court is justified in granting it, in the absence of a sufficient excuse for not pleading or good cause shown for the allowance of further time to plead.

---

---

Appeal from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*Evans Haile,* for Appellants.

*Hampton & Ammons,* for Appellees.

PER CURIAM.

This cause was referred by the court to two of its commissioners, Messrs. Maxwell and Glen, for investigation, who report the cause for disposition as hereinafter stated.

The appeal was entered October 1st, 1896, and purports to have been taken from two interlocutory decrees, one overruling appellants' demurrer to the bill of complaint, on thirtieth January, 1896, the other granting a decree *pro confesso* against appellants April 4, 1896.

The two assignments of error complain that the court erred in entering the two interlocutory decrees mentioned. As the appeal is not from a final decree and was not entered within six months after the entry of the interlocutory order of January 30, 1896, overruling the demurrer, the propriety of such order can not be considered on this appeal. Jacksonville, M. & P. Ry. & Nav. Co. v. Broughton, 38 Fla 139, 20 South. Rep. 829.

The order overruling the demurrer granted leave to answer, but no answer was filed in pursuance of such leave. On March 23, 1896, appellees gave notice of a motion for a decree *pro confesso* against appellants for their failure to plead or answer, and upon the hearing had April 4, 1896, that motion was granted and the decree *pro confesso*

entered by the judge.   Affidavits on the part of the respec-
tive parties were filed at the hearing which  have been
given due consideration by this court, and upon such con-
sideration no error in the decree is perceived.  The ap-
pellants were clearly in default for not pleading, and
upon the affidavits presented at the hearing this court is
of opinion that the Circuit Judge was justified in his find-
ing that no sufficient showing was made to entitle appel-
lants to further time to plead, or to preclude the entry
of a decree *pro confesso* consequent upon such  default.
As this court can not for the reason stated consider the
propriety of the ruling on demurrer, it is unnecessary to
set forth the allegations of the bill.

The interlocutory order entered April 4, 1896, for  a
decree *pro confesso* is affirmed, the costs of this appeal to
be taxed against appellants.