M. L. DEKLE, *Appellant*, v. W. B. BARKLEY, AS GUARDIAN OF A. T. BARKLEY, *Appellee*.

1. Upon an appeal from an interlocutory decree, appellant can not question another interlocutory order entered more than six months before the appeal.

2. Pleas in equity introducing no matter *dehors* the bill are properly overruled.

3. The real party complainant being alleged to be mentally weak, if not insane, the court *sua sponte* suggests a recasting of the bill of complaint, lest defects now easily amended might prove hurtful after an expensive litigation.

This case was decided by the court *En Banc.*

Appeal ·from the Circuit Court for Jackson county.

The facts in the case are stated in the opinion of the court.

*Liddon & Smith* for appellant.

*J. M. Calhoun* and *C. L. Wilson* for appellee.

PER CURIAM.—This is an appeal from the interlocutory decree overruling certain pleas. Such an appeal, unlike an appeal from a final decree, does not open up the entire record, and upon such an appeal the appellant will not be heard to question other interlocutory orders entered more than six months prior to the appeal. *Mattair v. Furchgott,* 44 Fla. 620, 32 South. Rep. 925. Most of these pleas were defective in that they introduced no matters dehors the bill, and the others were otherwise defective, and we will not, therefore, reverse the chancellor.

In view, however, of the fact alleged in the bill that the real party complainant is mentally weak and perhaps insane, we feel it our duty to suggest a recasting of the bill, lest after an expensive litigation a special ward of the court may be injured by a defective pleading that could be easily amended in the beginning. In this connection we call attention to the absence of a proper affirmative allegation that A. T. Barkley has been adjudged insane, the predicate for jurisdiction of the county judge's court to appoint a guardian. Chap. 4720, laws of 1899; 10 Ency. Pl. & Pr. 1224;

16 Am. & Eng. Ency. Law (2nd ed.) 628. The question of parties is also one to be considered by the complainant, and also the prayers of the bill may well be further considered.

The decree is affirmed, therefore, at the cost of the appellant, with the suggestion that the bill of complaint be recast.

All concur, except CARTER, J., absent.