DAVID F. MITCHELL, *Appellant,* v. HARRY MASON, *Appellee.*

STATUTE OF LIMITATIONS IN APPELLATE PROCEEDINGS—
    PLEADING MORE THAN ONE PLEA WITHOUT LEAVE OF
        COURT IN EQUITY—AN ASSIGNMENT OF ERROR
            NOT BRIEFED IS ABANDONED.

1.  Under the provisions of section 1907 General Statutes of 1906 appeals from interlocutory orders or decrees must be taken within six months after the entry of such order or decree, and if not taken until after the lapse of such six months an assignment of error predicated on such order or decree cannot be considered by the appellate court.

2.  In equity a defendant cannot put in more than one plea to the bill without leave of the court, and if he does so said pleas may on motion be taken from the files.

3.  Where an assignment of error is not argued in the briefs filed in the appellate court, and is not mentioned in such

briefs except in a request to the court contained in such briefs that counsel be permitted to argue such assignment orally before the court, such assignment will be treated as abandoned.

This case was decided by Division B.

Appealed from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*D. C. Campbell,* for Appellant;

*Alex. St. Clair-Abrams,* for Appellee.

TAYLOR, J.—The appellee as assignee of a mortgage made by J. K. Cogswell to J. R. Parrott filed his bill for foreclosure thereof in the Circuit Court of Duval County. From various interlocutory orders the appellant has appealed to this court.

On the 11th day of September, 1909, the court below made an order overruling a demurrer filed by the appellant to the bill of complaint as amended. This appeal from said order was entered on September 19th, 1910, more than six months after the entry of said order. Section 1907, General Statutes of 1906 provides that: "Appeals in chancery, whether from final decrees or from interlocutory orders or decrees, must be taken within six months after the entry of the order or decree appealed from."

The assignment of error predicated upon this order cannot therefore, be considered, more than six months having elapsed between the entry of said order and the appeal therefrom. Futch v. Adams Bros., 47 Fla. 257, 36

South. Rep. 575; Dekle v. Barkley, 48 Fla. 250, 37 South. Rep. 581; Mattair v. Furchgott, 44 Fla. 620, 32 South. Rep. 925; Ray v. Frank, 44 Fla. 681, 32 South. Rep. 925; Steinburg. v. Richbourg, 45 Fla. 589, 33 South. Rep. 521.

In the order overruling the demurrer to the bill, the court granted leave to the defendant until the rule day in November, 1909, to file his answer or plea to the bill.

The appellant under this order filed nine separate pleas to the bill. The appellee moved to take these pleas from the files upon the grounds among others that said pleas had been filed irregularly; and because the defendant has filed nine separate pleas to the bill without first obtaining the consent of the court; and because said pleas are frivolous, and raise immaterial issues, and lead to diverse issues.

This motion was granted by the court below, and this order is appealed from and assigned as error. There was no error here. In equity, a defendant cannot put in more than one plea to the bill without leave of the court, and if he does so said pleas may on motion be taken from the files. Benson & Co. v. Jones, 1 Tenn. Chy., 498; 16 Ency. Pl. & Pr. 608; Wooley v. Pemberton, (N. J. Eqr.) 10 Atl. Rep. 159; Sharon v. Hill, 22 Fed. Rep. 28; McCloskey v. Barr, 38 Fed. Rep. 165.

It is further contended that the court instead of taking these pleas from the files should have ordered them to stand and to be taken as an answer of the defendant to the bill. We know of no such practice in equity—and besides this said pleas tendered no legitimate defense to the bill either as an answer or as pleas thereto.

The appellant made a motion to dismiss the appellee's bill, to this motion there are twenty-one grounds. All of them are based upon the contention that because the appellee as administrator of the mortgagor had obtained

and was holding possession of the mortgaged property, he was not entitled to any consideration at the hands of a court of equity, being in contempt of the law forbidding a mortgagee from obtaining possession of the mortgaged property until after foreclosure and sale.

The court denied this motion and this order is appealed from and is assigned as error. There was no error here. The proceedings show that in the dwelling house covered by the mortgage there is a large amount of personal property of great value that is also covered by the mortgage being foreclosed, consisting of valuable paintings, silverware and other household goods and furniture, and that the appellee had been appointed administrator of the estate of the deceased mortgagor and was in possession of all of such property as such administrator, but that as to the realty covered by the mortgage his possession was subordinate to the heirs at law of the mortgagor, who were all of them absent from the State, and that his possession of the realty was only as a caretaker in subordination to the rights of said heirs at law. Even if such a motion was correct practice in such a case, under the circumstances disclosed by this record the court below ruled correctly in denying such motion. Hull v. Burr, decided here at the present term.

The appellant filed an answer to the bill to which the appellee filed divers exceptions many of which were sustained by the court below and this order is also appealed from and is assigned as error.

In his brief filed here the appellant does not argue this assignment, but as to it simply requests the court to permit him to present his argument thereon orally before the court. This presentation of an assignment of error, we must hold to be an abandonment of the assignment.

Rule 21 of the Rules of Practice for the government of

this court expressly provides that each ground of error insisted upon shall be argued and separately presented with the authorities relied upon in support thereof, and provides that a copy of such brief shall be served upon opposing counsel. What notice does opposing counsel have of the points intended to be argued in an oral argument of an assignment of error unless they are set out in the appellants brief. None whatever. And besides to permit an assignment of error to be presented solely by oral argument is in substance doing away with the rule requiring briefs—for if one assignment can be thus presented, all of them can be with equal propriety, thus eliminating the rule altogether. However upon an inspection of the answer we find no error in sustaining the exceptions thereto.

Finding no error, the orders and decrees appealed from are hereby affirmed at the cost of the appellant.

HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.