CHARLOTTE HARBOR AND NORTHERN RAILWAY COM-
PANY, A CORPORATION, *Appellant*, v. J. R. LANCAS-
TER, *et al.*, TRUSTEES OF MT. ZION AFRICAN METH-
ODIST EPISCOPAL CHURCH OF ARCADIA, IN DESOTO
COUNTY, FLORIDA, *Appellees.*

Opinion Filed July 13, 1915.

1.  An appeal from an interlocutory order should be taken within six months after the entry of the order from which the appeal was taken.

2.  Upon a motion to dissolve an injunction, the answer of a defendant corporation which is not under the seal of the corporation will not be considered as an answer, and if not under oath will not be considered as an affidavit.

3.  An injunction improperly granted upon the showing made by the bill of complaint should be dissolved on motion of the defendant.

4. Where the basis for injunctional relief is irreparable injury, the mere allegation of such injury to the complainant is not sufficient; facts should be alleged to show the exact nature of the injury.

5. A bill to remove a cloud on title which fails to clearly and accurately show the validity of complainant's title, or the invalidity of the defendant's title to the lands involved, is materially defective and shows no ground for equitable aid by injunction.

Appealed from Circuit Court, DeSoto County; F. A. Whitney, Judge.

Order reversed.

*K. I. McKay,* for Appellant;

*John W. Burton,* for Appellees.

ELLIS, J.—The appellant appealed from two orders made by the Judge of the Circuit Court in and for DeSoto County in this cause. One order was made June 26, 1914, granting a temporary injunction restraining the appellant, who was defendant below, its agents, servants, employees and contractors from trespassing upon a certain lot therein described, and from removing, attempting to remove or otherwise molesting or interfering with the house, dwelling or other thing thereon until the further order of the court, and that it show cause before the Judge of said Court at Arcadia, Florida, on the 6th day of July, 1914, why the injunction should not be made permanent.

The other order appealed from was entered on the 19th day of January, 1915, in which the Judge of the

202     SUPREME COURT OF FLORIDA,

C. Harbor and N. R. Co. v. Lancaster et al.—Opinion of Court.

court refused to dissolve the injunction upon the motion of the defendant below.

The bill of complaint was filed in this cause on June 26, 1915, and is as follows:

"In the Circuit Court of the Tenth Judicial Circuit of the State of Florida, in and for Desoto County.
To the Hon. F. A. Whitney, Judge of said Court:

J. R. Lancaster, Frank Owen, Clint Johnson, J. B. Wells, U. A. Dillard, E. Tillis, E. I. Tillis, J. G. Denson, and Rainey Miller, Trustees of Mt. Zion African Methodist Episcopal Church, of Arcadia, in DeSoto County, Florida, bring this their bill of complaint for and on behalf of said Mt. Zion African Episcopal Church, hereinafter called the church, against the Charlotte Harbor and Northern Railway Company, a corporation, created and existing under the Laws of the State of Florida;

And thereupon your orators complaining respectfully represent unto your Honor that they, as Trustees of and for said Church, own and have the possession of the following described property in DeSoto County, Florida, to-wit: Lot No. 2, of Block 9, of Waldron's Addition to Arcadia, DeSoto County, Florida; that said Church, through its said Trustees, has been in the actual, open, continuous and uninterrupted possession and occupancy thereof under warranty deed of title thereto from Scotia M. Smith, and Kirby H. Smith, her husband, from the year 1903. And the complainants attach hereto as evidence of their color of title and right of possession the said deed and mark the same as Exhibit A.

Your orators further represent unto your Honor that the defendant has not, nor has any one for it, nor any one through whom it may claim title ever had or been in the possession of the said property or any part thereof.

Your orators further represent that the possession of the Trustees of said Church and the possession of the said Church, has been in manner following, to-wit: Immediately after the date of said deed and during the year 1903, they entered into possession thereof and placed about the same as a substantial enclosure a fence which said fence has continuously remained thereabout; that in the erection of the church building occupied by the members of said church a portion thereof was constructed and erected upon said lot and remained thereon continuously until on or about the 15th day of April, 1914; that prior to the removal of said church building therefrom there was moved upon said lot a dwelling house, the property of the said church, which has since that time been in the actual possession and use of said church and which is now occupied by one Henry H. Smith, as tenant of said church, and is situated upon said lot.

Your orators further represent that they are informed that the said defendant has obtained a quit-claim deed from one Robt. E. Brown, dated May 29th, 1914, purporting to convey unto the said defendant the said lot; that the said Robt. E. Brown, on to-wit, April 25th, 1914, prior to, on and since which date the said church has and was in and has remained in actual possession of said lot, obtained a deed from one Randall James, purporting to convey said lot to him, the said Robt. E. Brown.

And your orators represent unto your Honor that the said deed from the said Randall James, to Robt. E. Brown was made, delivered and accepted while said Church was in the actual, open and adverse occupancy and possession of said lot, was and is void and that the quit-claim deed from the said Robt. E. Brown to the defendant herein,

was made, executed, delivered and accepted while the said Church was in the actual, open and adverse occupancy and possession of said lot.

Your orators further represent unto your Honor that the said defendant by its servants and agents are threatening and preparing to forcibly take possession of said property and to remove the house located upon said lot and now actually occupied by a tenant of said church and complainants, with no other right, title, claim or interest than that as aforesaid, and that unless it is immediately enjoined and restrained from so doing, it will forcibly take possession of the said property and remove the said building doing to the said Church and to your orators as Trustees of said Church, irreparable injury and damages; and your orators are informed that the said defendant has made preparation to remove said building and that unless they shall be enjoined and restrained at once they will accomplish their said unauthorized purpose. And that if notice of the intention to apply for an injunction should be served upon said defendant or its attorneys it would immediately and prior to the time for a hearing of said motion remove said building from the said lot. The said building being small and the removal thereof being easy to accomplish when undertaken.

For as much therefore as your orators are without remedy save in a Court of Equity where matters of this and like kind are especially cognizable, your orators, as Trustees as aforesaid, respectfully pray that a writ of injunction may be granted, directed to said Charlotte Harbor and Northen Railway, its officers, servants, agents and employees and contractors, restraining and enjoining them from interfering with the possession of said Church and your orators as Trustees thereof, to the said

lot, and from molesting, interfering with, removing or attempting to remove the said building from the said lot and that the deed of conveyance made by the said Randall James, to the said Robert. E. Brown, and the said deed from Robert E. Brown to the said defendant, the said Charlotte Harbor & Northern Railway Company, be cancelled and set aside as null and void instruments of record affecting the title of your orators and said Church.

May it further please your Honor to grant a writ of subpoena directed to said Charlotte Harbor & Northern Railway Company, commanding it upon a day certain and under a penalty therein to be named to appear and answer this Bill of Complaint, though not under oath, answer under oath being hereby waived."

The bill was sworn to by E. Tillis, J. R. Lancaster and J. G. Denson.

Exhibit "A," which was attached to the bill, is as follows:

"THIS INDENTURE, Made the thirteenth day of April, A. D. 1913, between Scotia M. Smith and her husband Kirby H. Smith, both of the County of DeSoto in the State of Florida, parties of the first part, and The Trustees of Mount Zion African Methodist Episcopal Church of the City of Arcadia, County of DeSoto in the State of Florida, party of the second part:

WITNESSETH, That the said parties of the first part, for and in consideration of the sum of Seventy-five dollars, to them in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained and sold to the said party of the second part, their successors and assigns forever, the following described land, to-wit: Lot Number Two (2) in Block Number Nine (9) of Waldron's Addition to

the Town of Arcadia as per recorded plat, the same being situate in the said County of DeSoto and State of Florida. And the said party of the first part does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever.

IN WITNESSS WHEREOF, The said parties of the first part have hereunto set their hands and seals the day and year first above written.

Scotia M. Smith     (Seal)<br>Kirby H. Smith     (Seal)

Signed, sealed and delivered in
presence of:
C. W. Forrester,
J. W. Burton,

STATE OF FLORIDA,
COUNTY OF DESOTO.

I hereby certify that on this thirteenth day of April, A. D. 1903, before me, Charles W. Forrester, a Notary Public in and for the State of Florida at Large, personally appeared Kirby H. Smith, to me known to be one of the persons described in and who executed the foregoing instrument, and he acknowledged to me that the same is his free act and deed for the uses and purposes therein expressed.

WITNESS my hand and seal at Arcadia, Florida, the date aforesaid.

*Charles W. Forrester,*<br>Notary Public for State of<br>Florida at Large.

Notarial Seal.

VOL. 70, JUNE TERM, 1915.          207

C. Harbor and N. R. Co. v. Lancaster et al.—Opinion of Court.

(Exhibit A).

STATE OF FLORIDA,
COUNTY OF DESOTO.

I hereby certify that on this thirteenth day of April, A. D. 1903, before me, Charles W. Forrester, a Notary Public for the State of Florida at Large, personally appeared Scotia M. Smith, to me well known to be one of the persons described in and who executed the foregoing instrument and well known to me to be the wife of the said Kirby H. Smith, and upon an examination taken and made by me separately and apart from her said husband she acknowledged to me that she made herself a party to the said deed for the purposes of renouncing and relinquishing her dower, right of dower and separate estate in and to the lands, tenements and hereditaments therein described, and thereby granted and released; that the execution thereof is her free act and deed for the uses and purposes therein expressed, and that she executed same freely and voluntarily and without any fear, apprehension, compulsion or constraint of or from her said husband.

WITNESS my hand and seal at Arcadia, Florida, the date aforesaid.

*Charles W. Forrester,*
Notary Public for the State of
Florida at Large.

Notarial Seal."

The defendant filed its answer on the 31st day of August, 1914, and on the same day filed its motion to dissolve the injunction. The motion contains many grounds, among which are: That the bill is not properly lodged in the Chancery Court, nor addressed to the Judge as Chancellor; that it wholly fails to state a cause of ac-

tion cognizable in a court of equity; that it fails to show that the complainant is entitled to any relief in a court of equity; that the complainants show no title to the land and fail to connect themselves with the title to the land in controversy; that the deed attached to the bill as Exhibit A is void on its face; that it is not alleged that Mt. Zion African Methodist Episcopal Church of Arcadia "is anything other than a voluntary association," and such an association is incapable of acquiring title to real estate by adverse possession or otherwise; that it does not appear that the complainants or either of them were trustees of the church at the time the deed was made and delivered, and that title to land could not be transferred from one set of trustees to another by the mere vote or election of the shifting membership of a voluntary organization, and if title passed by the deed it vested in the grantees, because the trust created was a mere passive trust, and title immediately vested in the *cestuis que trustent* provided they were designated with sufficient definiteness to constitute the deed a valid conveyance of real estate.

The appeal was entered on January 28, 1915, which was too late for appellant to have this court review the first interlocutory order. Mattair v. Furchgott, 44 Fla. 620, 32 South. Rep. 925; Ray v. Frank, 44 Fla. 681, 32 South. Rep. 925; Steenburg v. Richbourg, 45 Fla. 589, 33 South. Rep. 521; Futch v. Adams Bros., 47 Fla. 257, 36 South. Rep. 575; Mitchell v. Mason, 61 Fla. 692, 55 South. Rep. 387.

The answer filed by the defendant below was not under the seal of the corporation, therefore cannot be considered as an answer; nor was it under oath, therefore cannot be considered as an affidavit upon the motion to dissolve the

injunction.    See Kahn v. Weinlander, 39 Fla. 210, 22 South. Rep. 653; Thebaut v. Canova, 11 Fla. 143; 3 Ency. L. & P. 1413-1419; 1 Ency. Pl. & Pr., 948-886; Bronson v. La Cross R. Co., 2 Wall. (U. S.) 302; Angel & Ames on Corporations, 665.

The complainants below did not file a replication to the answer, it therefore does not appear that they waived the irregularity; but if the temporary injunction was not properly granted upon the showing made by the bill of complaint the chancellor should have dissolved it on motion of the defendant.    Godwin v. Phifer, 51 Fla. 441, 41 South. Rep. 597; Builders Supply Co. v. Acton, 56 Fla. 756, 47 South. Rep. 822.

Whether the bill be considered as one to enjoin a trespass or to remove a cloud on the complainants title, it contains no specific prayer for a temporary injunction. Savage v. Parker, 53 Fla. 1002, 43 South. Rep. 507; Gaines v. Russ, 60 Fla. 317, 53 South. Rep. 113; Equity Rule 25.    Nor is there any prayer for general relief contained in the bill.

It was held in the case of Builders Supply Co. v. Acton, *supra,* that before granting a temporary injunction or restraining order without notice, it should appear that a clear case is made by the bill, also that it has been made to clearly appear that the case is one of urgent necessity, and one in which irreparable mischief will be produced if the aid of the court is denied.    The mere allegation of irreparable injury is not sufficient; facts must be stated to show the exact nature of the injury.    Thebaut v. Canova, *supra.*    There is no allegation of the insolvency of the defendant.    It does not appear how the removal of a small tenant house from the lot, not occupied by complainant as a dwelling, a church or a place for the meet-

14

ing of the church members, would produce an irreparable injury to the complainants individually, or as Trustees.

If the bill is considered as one to remove a cloud on title, it does not show clearly, accurately and certainly the validity of complainants' title, nor the invalidity of the defendant's title.    Morgan v. Dunwoody, 66 Fla. 522, 63 South. Rep. 905.

As to who were the grantees in the deed attached to the bill, no information is given to the court, not even an allegation that the ascertainment of such individuals is within the reach of reasonable effort.   Hunt v. Tolles, 75 Vt. 48, 52 Atl. Rep 1042; Tharp v. Yarborough, 79 Ga. 382, 4 S. E. Rep. 915; Heath v. Hewitt, 127 N. Y. 166, 27 N. E. Rep. 959; 1 Devlin on Deeds, Sec 184. Nor is it shown that the complainants contributed the consideration named in the deed, nor that they held the property as trustees for such persons.   In view of the uncertainties apparent in the bill, the failure to make the complainants rights to the relief sought to appear with that degree of clearness required so often referred to by this court, and the utter disregard of all rules of the court in equity actions, we feel constrained to reverse the order of the court denying the motion to dissolve the temporary injunction, and it is so ordered.

TAYLOR, C. J., SHACKLEFORD and COCKRELL, JJ., concur.

WHITFIELD, J. absent