WALTER GILBERT, *Petitioner*, v. STATE OF FLORIDA, *Respondent*.

En Banc.

Opinion filed October 10, 1929.

*Louis O. Gravely* for Petitioner.

DAVIS, Commissioner:

The petition of Walter Gilbert prays for a writ of *certiorari* to be issued out of this Court to the Clerk of the Circuit Court of Hendry County, commanding him to transmit to this Court a true copy of the record in the above cause. It is alleged in the petition that "an order has been entered by the Judge of the Circuit Court of the Twelfth Judicial Circuit in and for Hendry County, Florida, affirming judgment of the County Judge's Court, when it appears that the record certified to the Circuit Court did not show any entry of judgment in the lower

court.'' It is further alleged in the petition ''that the action of the Circuit Judge aforesaid in dismissing your petitioner's appeal to said Court was clearly illegal'' etc.

The common law writ of *certiorari* may be directed to inferior tribunals where it is shown that they have exceeded their jurisdiction or where they have proceeded illegally and no appeal or writ of error will lie. A. C. L. Ry. Co. v. Florida F. F. Co., 93 Fla. 161. See also F. E. C. Ry. Co. v. George, 91 Fla. 42; Burton v. State, 74 Fla. 30, and authorities therein cited.

Furthermore, it has been held by this Court in a number of cases that ''in order to review and quash the proceedings of an inferior tribunal upon the common law writ of *certiorari,* the inferior tribunal must have proceeded in the cause without jurisdiction, or its procedure must have been clearly illegal, or unknown to the law, or essentially irregular.'' Hunt v. City of Jacksonville, 34 Fla. 504; Jacksonville T. & K. W. Ry. v. Bay, 34 Fla. 389.

If the record before the Circuit Court upon appeal from the County Judge's Court of Hendry County failed to show a judgment of conviction, the Circuit Court, as stated in J. T. & K. W. Ry. v. Bay, 34 Fla. 395 (text) ''could not exercise its appellate authority to either affirm or reverse what had been done in the lower court,'' and, as was held in that case, the judgment of affirmance was such an essential irregularity and departure from prescribed rules of procedure as to require that it be quashed. See also Mattair v. Furchgott, 44 Fla. 620, 32 So. R. 925.

If there was a dismissal of the appeal the action of the Circuit Judge was proper, inasmuch as the record before him did not show the judgment of the County Judge's Court. J. T. & K. W. Ry. Co. v. Bay, 34 Fla. 389, 16 So. R. 290; Tunno v. The International Ry. & S. S. Co.,

34 Fla. 300, 16 So. R. 180; S. A. L. Ry. v. Bennett, 47 Fla. 215, 36 So. R. 86; Jumeau, Admr., v. Camp, 48 Fla. 82, 37 So. R. 462.

In the same case there should not be a judgment of affirmance and also an order of judgment dismissing the appeal.

If we test the petition by the allegations most unfavorable to the petitioner, we will have to conclude that the Circuit Judge dismissed the appeal, and the application for the writ must fail.

In the instant case, the petition after showing the entry of an order "affirming judgment" of the County Judge's Court, further shows "that the action of the Circuit Judge aforesaid in dismissing your petitioner's appeal to said court was clearly illegal," thereby neutralizing the allegation about "affirming judgment." J. T. etc. Ry. Co. v. Thompson, 34 Fla. 346, 16 So. R. 282; F. C. etc. R. Co. v. Ashmore, 43 Fla. 272, 32 So. R. 832; Hooper v. Crane, 56 Fla. 395, 47 So. R. 992; Kirtons v. A. C. L. Ry. Co., 57 Fla. 79, 49 So. R. 1024; A. F. Ins. Co. v. King Lbr. etc. Co. 74 Fla. 130, 77 So. R. 168; Williams v. Peninsular Grocery Co., 73 Fla. 937, 75 So. R. 517.

The petition does not set out the judgment of the Circuit Court.

The writ of *certiorari* to review the proceedings of a lower court does not issue as a matter of right, but rests in the sound discretion of the Court. The petition for the writ must make it appear that an illegal proceeding appears by the face of the record complained of. *Ex Parte Jones,* 92 Fla. 1015, 110 So. R. 532; S. A. L. Ry. Co. v. Ray, 52 Fla. 634, 42 So. R. 714; State v. L. O. P. & G. Ry. Co., 70 Fla. 564, 70 So. R. 550; First Nat. Bank v. Gibbs, 78 Fla. 118, 82 So. R. 618.

Because of the inconsistent allegations in the petition herein referred to, the writ of *certiorari* should not issue and the application for it should be denied.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the application for writ of *certiorari* herein be and the same is hereby denied.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.