DOCTOR CHALKER EDWARDS and EARL MALCOLM WADSWORTH v. WILLIAM PERRY EDWARDS.

198 So. 14
En Banc
Opinion Filed October 4, 1940

*Louis S. Joel,* for Petitioners;

*A. K. Black* and *J. B. Hodges,* for Respondent.

PER CURIAM.—This matter is before us on petition for certiorari under Rule No. 34.

On the 27th day of June, 1939, an order was entered by the chancellor in the court below cancelling a certain deed and decreeing partition of real estate in Columbia County, Florida. On the 6th day of March, 1940, the defendants in the court below filed motion to amend the order cancelling the deed and decreeing partition.

The prayer of the motion was that, "Wherefore these defendants respectfully move the Court to enter an Order herein amending the aforesaid Order of Cancellation by striking and omitting from the said Order of Cancellation the finding and the order that the said deed be ʻcancelled."

The part of the order sought to be stricken and amended was as follows:

"1. That the deed from E. A. Edwards to D. C. Edwards and Earl Malcolm Wadsworth dated October 10, 1937, and being recorded in the office of the Clerk of Circuit Court of Columbia County, Florida, in Deed Book No. 25, page 641, be and the same is hereby cancelled and forever rendered null and void and of no force and effect."

It is immaterial to the disposition of this matter whether the decree of June 27, 1939, is a final decree or an interlocutory order. In either event the time in which it could be reviewed by an appellate court expired six (6) months

after date of its record and the order appealed from was entered more than six months after the entry of the order of June 27, 1939.

So it is that if the order of June 27, 1939, should be held and considered an interlocutory order, then it cannot be reviewed on an appeal from a subsequent interlocutory order to-wit: the order of April 12, 1940, which denied the motion to amend order cancelling the deed and decreeing partition, *supra*. See Dekle v. Barkley, 48 Fla. 250, 37 Sou. 581. And if the order of June 27, 1939, be held to be a final decree then it cannot be reviewed by an appeal taken from any sort of an order entered more than six months after such final decree was entered.

The whole contention of the petitioner here is that the court committed error in entering the order of June 27, 1939, and the effort is to have us review that order, although appeal was not taken therefrom as required.

Respondent is awarded the sum of $150.00 for solicitor's fees for services in the court to be paid from the proceeds of the sale of the property involved, if same be sold under order of court, or to be paid pro-rata by the owners of such property, if it be partitioned in kind.

The writ of certiorari is denied.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.