JOHN R. WILLIAMS, *et al., Appellants,* v. H. M. BLACK, *Appellee.*

Opinion Filed February 9, 1917.

1. An appeal from interlocutory decrees, some of which were entered more than six months prior to the entry of appeal, will entitle the appellant to have reviewed the propriety of the decrees entered within six months prior to the entry of appeal, but not those entered more than six months prior to the entry of appeal.

2.  A demurrer to the whole bill should be overruled, if the bill makes any case for equitable relief.

3.  Upon an appeal from an interlocutory order, the court will not consider whether the prayers of the bill are too broad, provided only it prays for something that is proper and germain.

Appeal from Circuit Court for Alachua County; J. T. Wills, Judge.

Order affirmed.

*Anderson & Anderson,* for Appellants;

*Hampton & Hampton,* for Appellee.

PER CURIAM.—On the 8th day of May, 1914, H. M. Black filed his bill in chancery against John R. Williams and Pineapple Orange Company, a corporation. To this bill the defendants interposed a demurrer on the 4th day of July, 1914, upon which the court made an order on the 26th day of February, 1915, overruling the same and granting the defendants until the Rule day in April in which to file such other and further pleadings as they may be advised. On the 13th day of July, 1915, the complainant, by leave of court, filed his amended bill, to which on the 6th day of September, 1915, the defendants again interposed a demurrer, which was over-ruled by the court in an order dated the 14th day of April, 1916, in which the defendants were allowed until the Rule day in May to file plea or answer. On the 8th day of May, 1916, the defendants entered their appeal from each of these interlocutory orders, the first of such orders being entered the 26th day of February, 1915, and the second being entered the 14th day of April, 1916.

As we have several times held: "An appeal from interlocutory decrees, some of which were entered more than six months prior to the entry of appeal, will entitle the appellant to have reviewed the propriety of the decrees entered within six months prior to the entry of appeal, but not those entered more than six months prior to the entry of appeal." Futch v. Adams, 47 Fla. 257, 36 South. Rep. 575. Also see Mitchell v. Mason, 61 Fla. 692, 55 South. Rep. 387, and Charlotte Harbor & Northern Ry. Co. v. Lancaster, 70 Fla. 200, 69 South. Rep. 720. Under the holding in these cited cases, we cannot review the propriety of the first of such interlocutory orders, as more than six months had elapsed since the entry thereof when the appeal was taken.

We have carefully read the amended bill, with the several exhibits attached thereto, also the demurrer, with its numerous grounds, which the defendants interposed, as well as the briefs filed by the counsel for the respective parties. We do not consider it necessary or advisable to set out either the amended bill or the grounds of the demurrer. It is sufficient to say that no reversible error has been made to appear to us in this interlocutory order from which the appeal is entered. As we held in Tampa and Jacksonville Ry. Co. v. Harrison, 55 Fla. 810, 46 South. Rep. 592, "Upon an appeal from an interlocutory order, the court will not consider whether the prayers of the bill are too broad, provided only it prays for something that is proper and consequent."

The order appealed from will be affirmed, with leave to defendants to file a plea or answer, within a period to be fixed by the Circuit Judge.

Order affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.