W. S. PRIEST, *Appellant*, v. R. A. HOGAN, *Appellee*.

Opinion Filed April 28, 1923.

1. In order for an appeal or a writ of error to operate as a supersedeas as of course under the statute, the appeal must be entered or the writ of error issued, and the appropriate bond

must be filed within thirty .days after the session of the court in law. actions, or within thirty days after the rendering and recording of the decree appealed from in chancery and probate matters. This general rule does not apply to injunction cases or to matters covered by Section 3171 Revised General Statutes, or to other matters controlled by specific statutory provisions.

2.  Where an appeal is not entered until after thirty days from the rendering and record of the decree appealed from, and no supersedeas order has been made. by the Supreme Court or a Justice thereof, the appeal does not operate as a supersedeas, even though the trial judge made an order after thirty days from the entry of the decree, fixing the amount and condition of a supersedeas bond in the case and even though a bond has been filed in the case.

A motion to vacate order of supersedeas.

Motion denied.

*T. S. Trantham,* for Motion;

*W. E. Smith,* for Appellee.

WHITFIELD, J.—A motion by petition is made ''to quash and vacate the supersedeas granted in this cause.'' It does not appear that a supersedeas has been obtained herein.

It is alleged that on October 17, 1922, the Judge of the Circuit Court rendered a decree which was that day recorded reversing a decree of the County Judge's Court in probating a will; that on December 4, 1922, the Judge made an order fixing the amount and condition of a supersedeas bond in an appeal to be taken from the said decree of the Circuit Judge to the Supreme Court; that a bond was approved and filed on December 4, 1922; and that an

appeal was entered January 8, 1923, returnable April 2, 1923.

The statutes provide as follows:

''Every writ of error shall operate as a supersedeas if sued out during the session of court at which the judgment was rendered, or within thirty days thereafter, if, within said time, the plaintiff in error, if he be the plaintiff in the court below, shall have paid all costs which may have accrued in and about said suit up to the time when the writ shall be issued, and shall have filed a bond payable to the defendant, with two good and sufficient obligors, to be approved by the judge or clerk of the court below, in a sum sufficient to cover all costs which may accrue in the prosecution of the writ, conditioned to pay the said costs if the judgment of the court below shall be affirmed; or if he be a party in the court below against whom a judgment has been given, shall have filed a bond payable to the adverse party with like obligors and approved in like manner as the bond hereinbefore required of the plaintiff, and if the judgment be a money judgment, in a sum sufficient to cover the amount for which the judgment was given, together with the costs, conditioned to pay the amount of the judgment with interest and costs, if the same shall be affirmed by the appellate court, but if the judgment is in whole or in part other than a money judgment, the amount and condition of the bond shall be determined by the court below.

''No writ of error except as above shall operate as a supersedeas unless by the special order of the appellate court or some judge thereof made upon inspecting a copy of the record, and upon the plaintiff in error paying the costs and filing the bond required in the preceding paragraph. When such order is made and security given as

aforesaid, the clerk, or the judge if there be no clerk, shall endorse on such writ of error that it shall be a supersedeas; and the said writ and endorsement shall be obeyed as such, suspending all further proceedings in relation to said judgment, in and by the officers of the said court below.'' Sec. 2911 Rev. Gen. Stats. 1920.

''No appeal from a final decree shall operate as a supersedeas unless said appeal be taken within the time fixed by law for taking a writ of error operating, as of course, as a supersedeas; or, if not taken within that time, unless one of the justices of the Supreme Court shall, by order, direct the said appeal to operate as a supersedeas. In any event, bond and security shall be given as provided for in cases of writs of error. No supersedeas on an appeal from any such decree granting or dissolving an injunction shall have the effect to suspend or modify the decree appealed from unless the Supreme Court, or a justice thereof, shall make an order for the suspension or modification of the decree upon like terms and conditions as to bond and security.

''2. No appeal from any interlocutory decision, judgment or decree of a circuit court sitting as a court of equity shall operate as a supersedeas unless the judge of the circuit court or a justice of the Supreme Court shall, on an inspection of the record, order and direct a stay of proceedings. No appeal so allowed shall operate as a supersedeas, except on the conditions prescribed by law in cases of appeal from final decrees. No supersedeas on an appeal from any such decision, judgment or decree granting or dissolving an injunction shall have the effect to suspend or modify the decision, judgment or decree appealed from, unless the Supreme Court or a justice thereof shall make an order for the suspension or modification of the order appealed from during the pendency of the appeal on

like terms as to bond and security." Sec. 3170 Rev. Gen. Stats. 1920.

"Notice of entry of all appeals in chancery causes, whether taken in open court or in vacation, shall be filed with the clerk of the court whose order or decree is to be reviewed, and by such clerk shall be forthwith entered in the chancery order book; and no other or further notice of such appeal shall be required to be given or served in order to give to the Supreme Court complete jurisdiction over the person of the appellee, but the record of such entry in the chancery order book shall be taken and held to be sufficient notice to the appellee of the taking of said appeal and of the pendency thereof in the Supreme Court." Sec. 3172 Rev. Gen. Stats. 1920.

In order for an appeal or a writ of error to operate as a supersedeas as of course under the statute, the appeal must be entered or the writ of error issued, and the appropriate bond must be filed within thirty days after the session of the court in law actions, or within thirty days after the rendering and recording of the decree appealed from in chancery and probate matters. This general rule does not apply to injunction cases or to matters covered by Section 3171 Revised General Statutes, or to other matters controlled by specific statutory provisions.

As the appeal herein was not entered within thirty days from the rendering and record of the decree appealed from, and as no supersedeas order has been made by this court or a justice thereof, the appeal does not operate as a supersedeas even though an order was made by the Circuit Judge on December 4, 1922, more than thirty days after the date and record of the decree appealed from, fixing the amount and condition of a supersedeas bond, and even though a bond was approved and filed on December 4, 1922.

No supersedeas having been obtained, there is none to vacate, therefore the motion to vacate is denied.

TAYLOR, C. J., AND ELLIS, BROWNE AND WEST, JJ., concur.