GEORGE L. TIPPINS v. BELLE MEAD DEVELOPMENT CORPO-
RATION, *et al.*

188 So. 787.

Opinion Filed December 10, 1935.

See also 112 Fla. 372, 150 Sou. 719; 112, Fla. 380, 150 Sou. 591; 112 Fla. 368, 150 Sou. 594.

*Millard B. Conklin* of Daytona Beach, for Appellant;

*B. F. Brass* of Daytona Beach for Appellee, Belle Mead Development Corporation.

GRAY, Circuit Judge: On August 25th, 1932, appellee, Belle Mead Development Corporation, filed its bill of complaint in the Circuit Court below for the foreclosure of a

mortgage on certain described real estate and a chattel mortgage covering certain described personal property which was given as additional security for the payment of the real estate mortgage. Both mortgages were dated March 6, 1931, and were duly recorded March 7, 1931. On September 27th, 1932, the Circuit Court entered an order appointing a receiver for the real and personal property described in said mortgages which order authorized and directed the receiver to take possession of such property and enjoined the defendants below, including the present appellant, and all other persons "claiming through them," from interfering with the receiver "in the full possession, management and control of said properties."

Later the bill of complaint was amended by making one W. J. Weber, and others. defendants, charging them with purchasing some of the personal property, to-wit: bulbs covered by the chattel mortgage with notice of said mortgages, without the consent of the mortgagee and seeking an accounting against them and judgment for the fair and reasonable value of the bulbs alleged to have been illegally purchased. See W. J. Weber v. Belle Mead Development Corporation, et al., 112 Fla. 368, 150 Sou. 594.

On October 21st, 1932, appellant instituted an action to enforce a laborer's lien for work on the mortgaged personal property making only the mortgagor, Florida East Coast Bulb Farms, Inc., a defendant. A judgment by default was entered and the appellant purchased the bulbs, included in said chattel mortgage, under execution sale. Said bulbs were then in the custody and possession of the Receiver appointed by the Circuit Court below in the mortgage foreclosure proceeding.

On December 21st, 1932, the Court below made an order in the mortgage foreclosure suit setting aside the judgment secured by the Appellant in his lien enforcement suit, con-

solidating that action with the mortgage foreclosure suit, and on March 30, 1933, the Circuit Court made its final decree adjudging appellee's mortgage lien superior to the appellant's labor lien. On April 20, 1933, appellant entered his appeal to the Supreme Court from the interlocutory order dated September 27th, 1932, appointing the receiver, and the interlocutory order of December 21, 1932, setting aside the judgment obtained by appellant in the action to enforce his lien, and the final decree made on March 30, 1933. Upon such appeal, this Court reversed the order of the Circuit Court consolidating the lien suit with the mortgage foreclosure and reversed the final decree and remanded the cause to the Circuit Court with directions to determine the equities as between the alleged lien of appellant and appellee's mortgage. Tippins v. Belle Mead Development Corp., 112 Fla. 372, 150 Sou. 719.

On May 23, 1933, appellee filed a petition before the Circuit Court setting forth that appellant and others were taking the bulbs mentioned in the chattel mortgage in violation of order of September 27, 1932, appointing a receiver, praying for a rule to show cause why the offending parties should not be punished for contempt. On the same date, a rule was issued and made returnable the next day. Testimony was taken concerning the matter before the Court and while testimony was being taken, appellant and his attorney filed a petition in this Court for a writ of prohibition relative to the said contempt proceedings, which prohibition proceedings were dismissed by this Court. State, ex rel. George L. Tippins, et al., v. M. G. Rowe, et al., 112 Fla. 380, 150 Sou. 591.

On August 10, 1934, a decree was entered by the Circuit Court holding, in substance, that the petition for contempt was well founded and ordering the rule to be discharged upon the payment of $34.59 by the respondents to the rule

in said cause. This order is now before the Court upon appeal. This ruling of the Circuit Court is made the basis for the first assignment of error. Appellant seeks to justify his action in removing bulbs from the possession of the receiver on the ground by the entry of his appeal on the 20th day of April, 1933, and by the giving of supersedeas bond, which was more than six months after the entry of the order appointing the Receiver. Determination of the question raised by this first assignment of error is controlled by Section 4960-4962, C. G. L. 1927. Futch v. Adams, 47 Fla. 257, 36 Sou. 575; Williams v. Black, 73 Fla. 309, 74 Sou. 312; Lovett v. Lovett, 93 Fla. 611, 112 Sou. 768; Priest v. Hogan, 85 Fla. 457, 96 Sou. 408; Mitchell v. Mason, 61 Fla. 692, 55 Sou. 387; Reed v. Cromer, 86 Fla. 390, 98 Sou. 329. There was no order superseding the interlocutory order of September 27, 1932, appointing the receiver. Priest v. Hogan, *supra*.

On April 12th, 1934, the appellant filed his petition before the lower Court asking that the Court allow him the sum of $52.50, being the money expended in removing the bulbs which were taken from the receiver's possession by appellant. Such petition was denied by the Court, and is the basis of appellant's second assignment of error. The facts do not justify appellant's contention that he was at most an innocent trespasser acting in good faith. That advice of counsel is in general sufficent evidence of good faith does not appear to be the rule in Florida. In Continental N. B. and Loan Ass'n, *et al.*, v. G. S. Scott, Receiver, 41 Fla. 421, 26 Sou. 726, it is held: "The well settled rule is that it is no justification to a proceeding as for a contempt for the breach of an injunction or supersedeas order that the breach was committed under the advice of counsel." An innocent trespasser improving the property in good faith may recover for the labor expended; but where the

trespass is willful, the strict rule of compensation is not applied and no allowance will in general be made defendant for the value of his labor expended in committing it; but damages will be given without deduction for labor expended. The rule applies where the willful act was done by defendant's agent, and it is immaterial that the trespass was committed under mistake of law. 63 C. J. 1039-1040.

The basis of the third assignment of error is that the Court erred in decreeing the lien of appellee's mortgage to be superior .to the labor lien· of the appellant. The question of which lien was superior was a disputed question of fact decided by the chancellor below adversely to appellant. This Court has held in many cases that the chancellor's findings on the facts will not be disturbed unless clearly erroneous and the evidence was heard by the Chancellor below who had the witnesses before him. Carr v. Lesley, 73 Fla. 233, 74 Sou. 207.

The basis of the fourth assignment of error is that the Court erred in directing the special master to sell the increase of the bulbs described in the chattel·mortgage. This question appears to have been decided adversely to apellant in his previous appeal. Tippins v. Belle Mead Development Corporation, 112 Fla. 372, 150 Sou. 719; 1 Jones on Mortgages (8th Ed.) 241.

The orders appealed from are affirmed.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.