BENJAMIN RUFUS EDMUNDSON v. ANN ARDEN EDMUNDSON.

182 So. 824.
Opinion Filed July 28, 1938.

*R. P. Reese,* for Appellant;
*Martin H. Long* and *Judson Freeman,* for Appellee.

PER CURIAM.—Appellant and appellee were married in St. Johns County. Afterwards they lived as husband and wife in Escambia County. In November, 1935, she went to the home of her father in Duval County, taking with her the then only child of the marriage, a girl. Another girl

was born within a short time. In December, 1935, the wife, living with her father in Duval County, Florida, brought suit in Duval County for divorce on the ground of cruelty, praying also for alimony, maintenance for, and custody of, the daughter, and suit money, alleging she was without means and that the husband had means.

Service of summons was made on the defendant in Escambia County under the statute which makes the process "run through the State." Sec. 4234 (2594) C. G. L.

Defendant filed a motion to dismiss the cause on the ground that the affidavit required by the above statute to be filed when the suit or action is not brought in the county where the defendant resides, was not filed. The motion to dismiss was denied, the required affidavit being on file. Along with the motion to dismiss, the defendant also filed an answer in which he claimed the privilege of being sued in Escambia County where he resides, and also responded to the charge of cruelty alleged against him. Defendant prayed:

"(1) That the Court may deny any allowance of alimony, to the complainant, either temporary or permanent.

"(2) That the defendant may be awarded partial care, custody and control of their minor child, Ann, at such times as the Court shall deem reasonable and proper.

On May 19, 1936, counsel for plaintiff served on counsel for appellant by mail notice of a motion for the appointment of a Special Master "to take the faculties of the parties." On May 26, 1936, a Special Master was appointed, "for the purpose of taking the faculties" of the parties, with direction to take the testimony offered by the respective parties and to report his findings of fact and conclusions of law therefrom within thirty days.

On June 24, 1936, defendant's counsel filed a notice, served by mail on plaintiff's counsel June 22, 1936, for

hearing June 25, 1936, on the plea of privilege incorporated in the answer.

On June 12, 1936, the Special Master began the taking of testimony "touching the faculties of the parties." The plaintiff was interrogated by her counsel. Thereupon counsel for the defendant announced for the record:

"The defendant, without waiving his right to insist upon his answer of privilege herein, and especially reserving his rights, propounds the following cross-examination."

The cross-examination of the plaintiff covered her necessities for maintenance of herself and the then two infants, as well as matters relating to her legal residence. At the close of the interrogation of the plaintiff, counsel for the defendant announced:

"The defendant reserves the right to take testimony at a later date."

Defendant's counsel participated in the taking of testimony as to a reasonable attorney fee for plaintiff's counsel, and also in the taking of testimony as to the faculties of the defendant for paying attorney fees for plaintiff's counsel. The defendant himself testified as to his faculties; and exceptions to the findings of the Master as to defendant's faculties were filed by counsel for the defendant, as well as exceptions to the findings of the Master as to the residence of the plaintiff to give the court jurisdiction of the cause.

On June 24, 1936, the plaintiff by leave of court filed the following supplemental bill of complaint:

"I.

"That she is now, and for more than six months last past has been, a citizen and resident of Duval County, Florida, continuously maintaining her residence and domicile there.

"II.

"That since the institution of this suit, and to-wit: on or about the 27th day of March, A. D. 1936, the child mentioned in the third paragraph of her bill of complaint, was born; that said child was a girl; that her name is Eleanor Arden Edmundson; that she is now approximately three months of age, and that she is a child of the plaintiff and the defendant.

"III.

"That she reiterates the prayers of her original bill of complaint."

On September 15, 1936, the court made the following order:

"This cause came on to be heard upon the report of the Special Master on the faculties. Same was submitted thereon and considered by the Court.

"It is ordered, adjudged and decreed that $25.00 per month, *pendente lite,* is allowed plaintiff as alimony and $35.00 per month, *pendente lite,* is allowed plaintiff for support money for the minor children of the parties hereto: $125.00 is found to be a reasonable temporary fee and is allowed plaintiff for the services of her solicitor herein. Defendant is ordered to pay the sum of $23.50, the costs of taking testimony and $25.00 to the Master herein for his fee."

This order is one of the two interlocutory orders covered by the entry of appeal taken August 26, 1937. But as there has been no final decree in the cause and the order of September 15, 1936, was entered more than six months before the appeal from it was taken, the appeal is ineffectual. Williams v. Block, 73 Fla. 309, 74 So. 312. But the appeal operates as an appearance in the cause.

On October 21, 1936, a rule was issued to the defendant

to show cause why he should not be adjudged in contempt of the court for not paying the amounts awarded against him September 15, 1936. The rule was served on the defendant in Escambia County, October 23, 1936.

An amendment to the bill of complaint and supplemental bill was by leave of court filed January 22, 1937. The amendment alleges:

"That" the plaintiff "is now and for more than one year last past has been domiciled in and a citizen and resident of Jacksonville, Duval County, Florida * * *; and the defendant has been guilty of cruel and abusive treatment of the plaintiff," stating particulars, some of which alleged acts of cruelty occurred while they were at her father's home in Jacksonville, Florida. It is also alleged upon facts stated: "that the defendant has deserted her and * * * that such desertion has continued for a period of more than one year prior to the filing of this amended bill of complaint; that the plaintiff is now living with her father, Thomas M. Arden, in the City of Jacksonville, Florida; that she has the custody of her minor children and she desires to be awarded such custody for the future.

"WHEREFORE, she prays that she may be divorced from the defendant; that he may be required to pay the costs of this proceeding including alimony and suit money for the support of her children and that she may be awarded the custody of such children and such other and further relief as may be proper under the facts and circumstances of this cause."

The defendant filed an answer "subject to the plea of privilege and motion to dismiss incorporated in the original answer filed herein, and expressly not waiving same, but incorporating same herein by reference thereto, for answer to the amended bill of complaint filed," made response to the allegations thereof.

A Special Master was appointed "to take the testimony offered by the respective parties hereto, and report the same to this court, together with his finding of facts thereon, and conclusions of law therefrom."

Testimony was taken and the Special Master's report contains the following:

"On January 11, 1937, the Special Master held a hearing which was attended by the plaintiff and her counsel and by the defendant and his counsel. Plaintiff testified as to her residence in Duval County, Florida, and to the merits of her cause and specified that several acts of cruelty had been practiced upon her by the defendant in Duval County, Florida. She was cross-examined by defendant's counsel *not only as to her residence, but as to the merits.* The mother of plaintiff likewise testified as to various acts of cruelty occurring in Duval County, Florida, and she was cross-examined by defendant's attorney *as to the merits.* The defendant then testified as to his residence and as to the plaintiff's residence *and denied the various acts of cruelty testified to by the plaintiff and her mother.* * * *

"On June 9, 1937, after due notice a further hearing was held by the Special Master which was attended by the plaintiff and her counsel and the testimony taken shows that subsequent to the order of September 15, 1936, the defendant paid the $125.00 temporary solicitor's fee and paid the plaintiff a total of $70.00 as alimony or support money. Defendant was not present or represented by counsel at such hearing.

"An analysis of the foregoing statement shows that in spite of the fact that the defendant had filed a plea of privilege in the cause, he did the following things:

"(a) He attended hearings before the Master and testified as to his faculties.

"(b) He likewise cross-examined the plaintiff and her witnesses, not only as to her residence, but as to the merits of the case.

"(c) He likewise testified himself as to the merits of the case.

"(d) He complied with the order of the Court and made certain of the payments of support money and attorney's fees.

"Do these acts of the defendant constitute a waiver of the plea of privilege? Has he submitted to the jurisdiction of the Circuit Court of Duval County, Florida?

"In my opinion he has submitted himself to the jurisdiction of this Court and has waived his plea of privilege, and that the Court by making the order of September 15, 1936, awarding temporary alimony, support money and attorney's fees assumed jurisdiction of the case.

Furthermore, the plaintiff has amended her bill to show that certain acts of cruelty charged against the defendant occurred in Duval County, Florida, and, in my opinion, the testimony taken before me shows such to be fact. Therefore, a portion of the cause of action accrued in Duval County, Florida. This in my opinion is sufficient to satisfy the provisions of Section 4219, Compiled General Laws of 1927, and prevents the plea privilege from being a defense to this action."

The order of the court appealed from is that the Special Master's "report be and the same is hereby ratified, approved and confirmed."

The proceedings above shown with other facts in the record constitute a waiver of the plea of privilege.

There is evidence to sustain the Master's findings of facts showing waiver by the defendant of his plea of privilege, even if the plaintiff were not authorized to maintain her

suit for divorce and alimony, etc., in Duval County, where she resided with her father at the institution of the suit and where some of the acts of cruelty alleged were committed, the plaintiff having a right to in good faith acquire a residence separate from that of her husband, when because of his alleged cruelty and fault, she cannot longer live with him, the most natural place for her to resort for protection and propriety being the home of her father.

Affirmed.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.