### In re BALDRIDGE'S ESTATE.

County Judge's Court, Dade County.

October 15, 1953.

Hall, Hedrick & Deckle, Miami, for the guardian ad litem.

Redfearn & Ferrell, Miami, for the executor.

FRANK B. DOWLING, County Judge.

This cause is before the court on the twice amended petition of M. Lewis Hall, Jr., guardian ad litem for Jenny Lee Cannon, for an order revoking an order of this court approving the election of the First National Bank of Miami, as executor under the last will and testament of Marie A. Baldridge, deceased, to sell certain real property, and the bank's amended response thereto.

At the conclusion of a contest over the admission of the decedent's last will and testament dated November 19, 1951 the court on July 16, 1952 admitted the will to probate, on July 22 the bank filed its oath as executor and letters testamentary were issued to

it, on August 12 the curator theretofore appointed to preserve the estate during the will contest was discharged and the bank receipted for all the assets thereof.

On the next day, August 13, petitioner filed notice of appeal from the order of July 16 admitting the will to probate, and on the same day a petition for fixing supersedeas bond was filed, notice thereof was served on the petitioner and the court thereafter entered an order fixing supersedeas bond as to amount, terms and conditions. On September 11 a supersedeas bond was filed.

Paragraph 5 of the will which has been admitted to probate provides—

> It is my will and desire that lots one (1), two (2), three (3), and the south fifty feet (S 50') of lot four (4) of said block be sold by my executor for the purpose of paying the legacies hereinbefore mentioned and for the purpose of freeing lot five (5) of any mortgage indebtedness against it. If said property when sold does not bring a sufficient amount to pay all said legacies in full and free said lot five (5) of its share of any mortgage indebtedness against it, then said legacies and the amount necessary to pay off the pro rata share of any mortgage against lot five (5) shall all abate proportionately, so that all of said legatees, including my sister, shall receive equality in treatment.

On March 5, 1953 the bank filed its petition reciting the testatrix' will and desire that the real property therein described be sold, that it had been appraised at $29,500, that a bona fide offer of $30,500 cash without payment of brokerage commission had been received, and praying for an order approving its election to sell. On the same day the court entered an order approving its election to sell for $30,500 cash.

In his petition for an order of revocation, filed April 9, 1953, the guardian ad litem contends that no notice of sale was filed and none given to the parties, that it appeared the sale was for the purpose of providing for distribution under the terms of the will and was contrary to law because notice in such case is required by statute. In the first amendment to his petition he contends it was sold for less than its full fair market value, in the second that it was sold during the pendency of a supersedeas bond and the court for that reason was without power to approve the election to sell.

Section 733.22, Florida Statutes 1951, provides that—"In every case where a power is given in a will to sell or dispose of property of the estate, or any interest therein, a sale made under authority of such will shall be valid." In paragraph 5 of the will, quoted above, there is just such a power of sale, it was the testatrix' express will and desire and direction to her named executor that the real property be sold for the reasons therein stated—to pay legacies specifically mentioned and to pay debts of the estate.

Section 733.26 sets forth when notice of sale is required. Paragraph (2) (b) thereof requires notice when the property to be sold has been specifically devised or bequeathed. In this case property was not specifically devised or bequeathed. Paragraph (2) (c) provides for notice when any interested person shall serve upon the personal representative a written demand for notice of sale. No written demand was served in this case. Section (2) (e) provides for notice when application is made for authorization of the sale of property for distribution. In this case the property was sold under the testatrix' express direction to provide a fund for the payment of certain designated legacies and the satisfaction of certain of the estate's debts and not for the purpose of distribution, as contemplated by the statute. In any event the will's provisions are controlling, the testatrix' expressed will and desire in the power of sale must govern.

The appraisers, whose ability and competency has not been questioned, appraised the full fair market value at $29,500 and the property was sold for $30,500 cash without incurring a brokerage charge. To support his contention that the sale was for less than the full fair market value petitioner submitted an appraisal by W. L. Harris, a competent appraiser, who stated such value was about $33,500. In view of the fact that the sale made by the executor was a net sale without brokerage expense the sum obtained not only exceeded the appraisal made by the appraisers appointed by the court but in fact equalled, in substance, Harris' appraisal. It is significant that petitioner has not produced before the court a purchaser ready, willing and able to pay more than the amount secured by the executor.

Petitioner's final contention is that the bank was without power and authority to make the sale of March 15, 1953 (and the court without authority to approve its election to do so) because the property was sold during the pendency of a supersedeas bond. Section 732.20 (1) provides—

> Every appeal to the circuit court shall, as a matter of right, operate as a supersedeas *if the appellant, within the time limited for taking the appeal,* files in the office of the county judge a supersedeas bond, with good and sufficient personal sureties or corporate surety approved by the county judge, the terms, conditions and amount of which bond shall have been fixed by order of the county judge upon notice of appellees. (Italics added.)

Supersedeas is a statutory right, and before an appeal operates as a supersedeas there must be strict compliance with the statutes. See Waring v. Bass, 80 So. 514, where our Supreme Court held at page 515—"A mere recital in the record that an order was made that the appeal shall operate as a supersedeas does not of itself

create a supersedeas. The conditions prescribed by the statute must be complied with before the appeal operates as a supersedeas."

The statute provides that for the appeal to operate as a supersedeas the appellant *"within the time limited for taking the appeal"* must file in the office of the county judge a supersedeas bond, etc. The appealed order in this case is dated July 16, 1952. Section 732.16(2) provides—"an appeal to the circuit court from an order or judgment of the county judge in a probate matter must be taken within thirty days from the date on which the order or judgment appealed was filed in the office of the county judge." The instant order was filed on July 16, 1952.

In order for the appeal to act as a supersedeas the supersedeas bond must be filed within the time limited for taking the appeal. The record shows that the time for taking the appeal expired on August 16, 1952, and that the supersedeas bond was filed on September 11, 1952—long after the time for taking the appeal had expired. It therefore appears that the appeal in this cause cannot operate as a supersedeas, the supersedeas bond not having been filed within the time prescribed by the statute. See Priest v. Hogan (Fla.), 96 So. 408, wherein it was held—

> As the appeal herein was not entered within 30 days from the rendering and record of the decree appealed from, and as no supersedeas order has been made by this court or a justice thereof, the appeal does not operate as a supersedeas, even though an order was made by the circuit judge on December 4, 1922, more than 30 days after the date and record of the decree appealed from, fixing the amount and condition of a supersedeas bond, and even though a bond was approved and filed on December 4, 1922.

The petition is denied.