## In re McCOLLUM'S ESTATE.

County Judge's Court, Suwannee County.

September 19, 1957.

Horace E. Hill, Daytona Beach, in propria personae.

Frank T. Cannon, Jacksonville, for the administrators.

Charles A. Powers, Jr., Jacksonville, for guardian of decedent's minor heirs.

JOHN M. HEARN, County Judge.

All dates mentioned in this order are in 1957. On July 17 the court entered an order requiring Horace E. Hill, a Daytona Beach attorney, to reimburse the estate of Samuel McCollum, deceased, the sum of $1,950. On August 13 Hill filed a notice of appeal from the order, a portion of which reads—"Comes now Horace E. Hill

and takes and enters his appeal to the Supreme Court of Florida to review the order and judgment entered in the above styled cause by the county judge's court of Suwannee County, Florida, bearing date of July 17, 1957 . . ."

On the same day, August 13, Hill filed in this court his assignment of errors and directions to the clerk. A portion of the directions to the clerk reads—". . . is hereby directed to transmit to the clerk of the circuit court in and for Suwannee County, Florida, the following original pleadings, orders, and exhibits in the above styled cause: . . ." On the same day one of the parties appellee filed additional directions as to the record on appeal.

On August 27 the clerk of the circuit court for Suwannee County issued and delivered to the undersigned county judge his receipt for the record on appeal, stating that he had received 18 instruments designated by the parties and added to by the county judge. The clerk's receipt was thereupon filed in this cause.

In the meantime, on August 17, Hill had filed a motion for supersedeas bond, but did not set the cause for hearing on the motion.

On September 19 Hill filed a stipulation entered into by him and the attorneys for the administrators and for the guardian of decedent's minor children, the effect of which was to request this court to enter an order fixing the amount and terms of a supersedeas bond to be filed in the cause without any other notice and without argument of counsel.

In my opinion I am without power or authority to enter an order relative to a supersedeas bond, by the posting of which the order appealed from could be superseded. Section 732.20(1) provides—

"Every appeal to the circuit court shall, as a matter of right, operate as a supersedeas if the appellant, *within the time limited for taking the appeal*, files in the office of the county judge a supersedeas bond, with good and sufficient personal sureties or corporate surety approved by the county judge, the terms, conditions and amount of which bond shall have been fixed by order of the county judge upon notice of appellees." (Italics added.)

Application to this court for such supersedeas order should have been made ". . . within the time limited for taking the appeal . . ." which in my opinion was within 30 days from July 17. See In re Baldridge's Estate, 5 Fla. Supp. 80.

It is therefore ordered that the application for supersedeas order be, and the same is, denied.