PEARSON, Judge.
Upon this interlocutory appeal the defendant, appellant, urges that the trial court erred in denying his motion to transfer a divorce action to Leon County. It is urged that venue was improperly laid in Dade County when the parties had resided in Leon County from 1951 until June of 1966, and the allegations of the complaint affirmatively show that most of the acts alleged as grounds for divorce occurred in Leon County. The complaint alleges extreme cruelty by virtue of certain acts, some of which allegedly took place in Dade County, Florida.
The trial judge correctly ruled that § 46.01 Fla.Stat.,[1] F.S.A. provides that suit may be brought in the county where the cause of action accrued and that this provision is complied with when some of the acts complained of occurred in Dade County. We do not think that it is proper to require the trial judge to weigh the allegations in order to determine that the venue lies only in the county where the defendant resides or the county where the more substantial evidentiary facts occurred.
Appellant relies upon Copeland v. Copeland, Fla.1951, 53 So.2d 637. Wé do not find this decision controlling, inasmuch as it is apparent that in Copeland the cause of *235 action accrued entirely in the county where the defendant resided.
Affirmed.

. Section 46.01 Fla.Stat., F.S.A. — Where suits may be begun Suits shall be begun only in the county (or if the suit is in the justice of the peace court in the justice’s district) where the defendant resides, or where the cause of action accrued, or where the property in litigation is located. This section shall not apply to suits against, nonresidents.