**WILDEY v. WILDEY.**
No. 68-2779.
Circuit Court, Broward County.
June 10, 1968.

S. Robert Zimmerman and Robert E. Howard, both of Pompano Beach, for plaintiff.

Charles O. Morgan, Jr., Peters, Maxey, Shupack, Short & Morgan, Miami, for defendant.

STEPHEN R. BOOHER, Circuit Judge.

*Order of transfer:* This cause came on to be heard on the plaintiff's motion for temporary relief, and the defendant's motion to set aside temporary injunction and motion to dismiss for improper venue, and the court having heard the testimony of the parties and their witnesses, and having considered the arguments and authorities of counsel, and being otherwise duly advised in the premises, finds as follows —

1. This is a suit for divorce instituted by the plaintiff wife, Constance Wildey, against the defendant husband, Leon E. Wildey, on the ground of extreme cruelty. Both parties reside in Boca Raton, Florida, in Palm Beach County and the fifteenth judicial circuit of Florida. The plaintiff invokes the jurisdiction of this court because in April, 1967, the parties lived briefly in Deerfield Beach, Florida, just south of the county line which divides this circuit and the fifteenth judicial circuit, and because the parties, while now living just north of the county line, travel frequently into this circuit to shop, have dinner, and for entertainment, and it is alleged by the plaintiff and supported by her testimony that several of the acts of cruelty have taken place in this circuit.

The defendant husband moves this court to dismiss for improper venue, asserting his right under §47.011, Florida Statutes, to be sued "where defendant resides, or where the cause of action accrued . . ." The plaintiff wife argues that venue is proper in this circuit on the authority of Bannerman v. Bannerman, 204 So.2d 234, where the Third District Court of Appeal held —

> "The trial judge correctly ruled that §46.01 Fla. Stat. [now §47.011] provides that suit may be brought in the county where the cause of action accrued and that this provision is complied with when some of the acts complained of occurred in Dade County. We do not think it is proper to require the trial judge to weigh the allegations in order to determine that venue lies only in the county where the defendant resides or the county where the more substantial evidentiary facts occurred."

Prior to *Bannerman*, it was settled law that a wife who moved from the marital domicile to another county was required to institute action for divorce where the husband resided, particularly where the cause of action accrued entirely in the county of marital domicile. Copeland v. Copeland, Fla., 53 So.2d 637. The only exception was found in Edmundson v. Edmundson, 133 Fla. 703, 182 So. 824, where the court held that a wife who could no longer live with her husband because of his cruelty might acquire in good faith a separate residence in another county and maintain a divorce suit in that county, if some of the acts of cruelty were committed in the county in which the wife instituted her suit. As pointed out in *Copeland*, however, the *Edmundson* case turned on the question of waiver rather than venue, it being found that the defendant husband had waived his plea of privilege to be sued in his county of residence

by attending hearings, testifying and cross-examining witnesses, and complying with court orders for the payment of temporary support.

On the surface, the decision in *Bannerman* appears to be a distinct departure from *Copeland* and *Edmundson* because the court's opinion does not disclose whether the wife resided in the county where she instituted suit, and it might appear, therefore, that the principle of law enunciated would pertain even if she did not, as in the instant case. Such broad application of *Bannerman* is not justified in view of the unique factual background of that case.

It appears from the court files in that case that the wife filed suit in Dade County less than five months after having departed from the marital domicile in Leon County. On motion by the husband, the case was transferred to the circuit court in and for Leon County, where, in due course, it came to trial. At the conclusion of the wife's case, the trial judge found that the wife had failed to prove a prima facie case and the cause was dismissed. Thereupon, the wife filed a second suit in Dade County, alleging that during the pendency of the prior case the husband had committed additional acts of cruelty in Dade County which, in concert with his previous behavior, entitled her to a divorce. The appeal followed the trial court's refusal to again transfer the case to Leon County.

It can readily be seen that if the husband's behavior prior to the first suit was insufficient to establish cruelty, and if the wife was entitled to relief in the second suit, then the alleged acts of cruelty which subsequently occurred in Dade County ripened her claim into a mature cause of action — they constituted, as it were, the straw that broke the camel's back.

"Accrue" is defined by Webster's Third New International Dictionary as "to come into existence as an enforceable claim." It seems clear that in *Bannerman* the wife's cause of action "accrued," if at all, in Dade County where the subsequent acts occurred, because these acts, if any, caused the wife's complaints to come into existence as an enforceable claim. Under these circumstances, one can well understand why the court of appeal did not feel it proper to require the trial judge "to weigh the allegations to determine . . . where the more substantial evidentiary facts occurred."

In *Copeland, Edmundson* and even in *Bannerman,* the wife had moved to the county where suit was filed; such is not the case here. In addition, there is no evidence that the cause of

action accrued — that is, came into existence as an enforceable claim — in this county, as in *Bannerman*. The only justification for venue in this case is the allegation that "several acts" of cruelty have taken place in this county. That is not enough. The defendant has the right to be sued in Palm Beach County, where both he and the plaintiff reside, and this cause, therefore, should be transferred to the circuit court of the fifteenth judicial circuit.

2. The testimony indicates that the temporary injunction entered ex parte on May 3, 1968, requiring the defendant to remove himself from the home premises and restraining him from molesting, injuring, bothering or annoying the plaintiff, should be continued.

3. The plaintiff's application for temporary alimony, child support, attorney's fees and suit costs should be renoticed for hearing after transfer of this cause to the fifteenth judicial circuit, and the hearing heretofore set before this court on June 14, 1968, should be cancelled.

Accordingly, it is ordered and adjudged as follows —

1. Venue in this cause properly lies in the circuit court of the fifteenth judicial circuit of Florida in and for Palm Beach County, and the clerk of this court is ordered and directed to transfer this case to such court, pursuant to RCP 1.060(b).

2. The temporary injunction entered herein on May 3, 1968 is continued in full force and effect.

3. The hearing on plaintiff's motion for temporary relief set for Friday, June 14, 1968, is cancelled, to be renoticed for hearing after transfer of this case.